UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL KELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action Number ) 2:18-cv-01607-AKK ) |
| FOURTH AVENUE SUPER MARKET, INC., ET AL., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Michael Kelly filed this lawsuit against Fourth Avenue Supermarket, Inc., Food Giant, Inc., and Mitchell Grocery, Corp., alleging a failure to accommodate, discriminatory discharge, and failure to hire under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111, *et seq.* Doc. 1. Fourth Avenue has filed a Motion to Dismiss, doc. 6, based on Kelly's purported failure to administratively exhaust his claims against it. For the reasons stated more fully below, Fourth Avenue's motion is due to be denied.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

1

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[1]

Kelly, who is legally blind, joined Food Giant as a grocery stocker in 2000. Doc. 1 at 3-4. In July 2017, Fourth Avenue purchased the Food Giant location where Kelly worked. *Id*. Fourth Avenue required Food Giant employees who wanted to stay on and join its staff to meet with the new management team. *Id.* at 4. Consistent with this practice, shortly after the purchase announcement, Fourth Avenue's management team approached Kelly at work, and one of the managers extended his hand to greet Kelly. *Id.* at 4-5. However, Kelly was unable to recognize the hand to accept the gesture due to his vision. *Id.* Despite this mishap, the Fourth Avenue manager interviewed Kelly on the spot, and Kelly expressed his interest in continuing his employment, citing his seventeen years of experience. *Id.*

Shortly after the encounter, a Fourth Avenue supervisor asked Kelly why he declined to shake the manager's hand. *Id.* at 5. After Kelly informed the supervisor of his disability, the supervisor purportedly stated that Kelly's continued employment could create a liability for Fourth Avenue. *Id.* Kelly disagreed, and cited to his work record and ability to adapt to potential store layout changes in support of his desire to stay on with Fourth Avenue. *Id.* A few days later, Kelly

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Iqbal*, 556 U.S. at 678-79.

received notice that Fourth Avenue would not offer him a position and Food Giant discharged him. *Id.*

The following day, Kelly filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), listing only "Food Giant" as the named party who discriminated against him. Doc. 13-1. However, Kelly explained in the body of the charge that "[Food Giant] has been bought by new personnel, . . . [Kelly] interview[ed] with the new CEO, . . . [and] the company could not extend [his] employment because of [his] blindness." *Id.* As part of the investigation of the charge, an EEOC investigator visited the old Food Giant location and spoke with Chuck Steadham, a store manager at Fresh Value, the new name of the grocery store. Doc. 13-2. Steadham informed the investigator that Fresh Value received the letters the EEOC had sent regarding the charge and that he forwarded them to the corporate office, i.e. Fourth Avenue. Steadham added also that he would relay to the corporate office that they needed to respond to Kelly's EEOC charge. *Id.* Fourth Avenue never responded, and Kelly filed this lawsuit after receiving his right to sue letter.

**III. DISCUSSION**

A plaintiff may pursue a civil action under Title I of the ADA only against entities he names as the discriminating party in the underlying EEOC charge. *Olmsted v. Defosset*, 205 F. Supp. 2d 1316 (M.D. Fla. 2002). And, "[o]rdinarily, a

party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1358 (11th Cir. 1994). The naming requirement "serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of [the ADA]." *Id.* However, the "naming precondition . . . must be liberally construed" and "[s]ometimes a party not named in the EEOC charge may still be sued in a later civil action but only if doing so fulfills the purposes of the [anti-discrimination law]." *Lewis v. Asplundh Tree Expert Co.,* 402 F. App'x 454, 456 (11th Cir. 2010). Indeed, "[i]t's more important that pleading rules be relaxed in the decidedly informal atmosphere of [EEOC charges]" since the process "involves a layinitiated proceeding." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). As such, courts must keep in mind the challenges plaintiffs face when filing EEOC charges without the guidance of a lawyer. *Id.*

### A. Applying the *Virgo* Factors

In addressing Fourth Avenue's motion, the court examines several factors, including: "(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an

adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Virgo*, 30 F.3d at 1359. No single factor is dispositive, and "courts do not apply a rigid test." *Id*. Also, the court may consider "whether an investigation of the unnamed party could have reasonably grown out of [the EEOC] charge" and "[t]hat factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination . . . is likely to be uncovered during the EEOC's reasonable investigation." *Lewis,* 402 F. App'x at 456–57 (internal citations omitted).

As explained below, because the court accepts Kelly's factual pleadings at this juncture, Fourth Avenue's motion is due to be denied.

### *i. Similarity of Interest*

A "similarity of interests between a named and unnamed party [exist] when there is some legal relationship beyond a mere contractual relationship, such as employer-employee or parent-subsidiary." *Pollard v. Mark,* No. 1:07-CV-02408-CC-LTW, 2008 WL 11334021, at *4 (N.D. Ga. Apr. 3, 2008), *report and recommendation adopted,* No. 1:07-CV-2408-CC, 2008 WL 11336874 (N.D. Ga. Apr. 30, 2008). Kelly does not contend that such a relationship exists. Instead, he alleges that "Fourth Avenue owns and operates [Fresh Value market at] the former Food Giant [location]" and that "Mitchell Grocery owned and operated the Food

Giant." Doc. 1 at 2-3. At best, Kelly can show that a short, contractual relationship over property existed between Food Giant and Fourth Avenue. Doc. 14 at 3. There is "no similarity of interest" however when, as here, a "short term contractual relationship was the only legal relationship between" the two entities. *See Lewis,* 402 F. App'x at 457. Accordingly, this factor weighs in favor of Fourth Avenue.

*ii. Ability to Ascertain Identity*

Kelly filed the EEOC charge[2] a day after the alleged discrimination occurred, doc. 13-1, and on the same day Fourth Avenue claims it purchased the Food Giant store, doc. 14 at 5. Thus, although Kelly acknowledges in his EEOC charge his awareness of the "new personnel" and "new [s]tore CEO" who declined to extend him employment, doc. 13-1, it is unclear from the record whether Kelly "could have easily ascertained [Fourth Avenue's] identity before filing his EEOC charge," *Lewis,* 402 F. App'x at 457, or whether "[Kelly] could not have named [Fourth Avenue] in the EEOC complaint because it did not yet exist." *Virgo,* 30

---

[2] In his response to the motion to dismiss, Kelly attached his EEOC Charge of Discrimination, Charge Detail Inquiry, and counsel's correspondence with the EEOC. Docs. 13-1, 13-2, and 13-3. Fourth Avenue does not dispute any of these documents. "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005). Kelly's EEOC documents are central to his complaint and "a necessary part of [Kelly's] effort to make out [an employment discrimination] claim." *Basson v. Mortg. Elec. Registration Sys., Inc.,* 741 F. App'x 770, 771 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1628 (2019) (internal quotation and citation omitted). Therefore, the documents are properly before the court.

F.3d at 1359. Therefore, the court is unable to properly weigh this factor at this stage.

### *iii. Adequate Notice*

The parties dispute whether Fourth Avenue received sufficient notice of Kelly's charge. Kelly maintains that Fourth Avenue had notice because one of Fourth Avenue's managers informed the EEOC investigator that he received EEOC correspondence about Kelly's charge and had forwarded it to the corporate office. Doc. 13-1. In contrast, Fourth Avenue contends that at most it was aware that Kelly was filing charges against Food Giant. Doc. 14 at 4-5. To the extent that Fourth Avenue is contending that it received the actual charge Kelly filed, its contention that it assumed the charge pertained solely to Food Giant defies logic. The charge specifically mentions Kelly's contention that the new owner, i.e. Fourth Avenue, purportedly refused to hire Kelly because of his disability. Doc. 13-1. Fourth Avenue easily could have discerned from the charge that Kelly was accusing it of discrimination. In any event, in light of Kelly's allegations about Steadham's comment to the EEOC investigator, doc. 13-2, notwithstanding Fourth Avenue's contentions to the contrary, at this stage the court accepts Kelly's contentions and finds that Fourth Avenue had adequate notice of the charge.

### *vi. Participation in Conciliation Process and Prejudice*

Fourth Avenue pleads prejudice from Kelly's failure to specifically name it in the charge due to its inability to participate in the conciliation process and perhaps avoid this lawsuit. Indeed, when a party is charged before the EEOC, the party can "participate in conciliation efforts directed at securing voluntary compliance" with non-discriminatory action. *Romain,* 836 F.2d at 245. Thus, "[c]onciliation is a primary goal of [the ADA] and provides an avenue for compliance without the resort to the expense and inconvenience of litigation." *Id.* Whether Fourth Avenue had notice of the charge and simply chose to ignore it or is correct that it never received notice are disputed issues that the parties can resolve in discovery. For this reason, the court cannot make a determination at this stage that Fourth Avenue was deprived of the opportunity to engage in conciliation or allegedly prejudiced as a result.

*v. Reasonably Uncovered from EEOC Investigation*

The court turns to the final factor—whether Fresh Value and Fourth Avenue's identities could have reasonably "grow[n] from or relate directly" to Kelly's charge of discrimination. *E.E.O.C. v. Riverview Animal Clinic, P.C.,* 761 F. Supp. 2d 1296, 1303 (N.D. Ala. 2010). This "factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination is or is likely to be uncovered during the EEOC's reasonable investigation growing out of the charge." *Lewis,* 402 F. App'x at 457. Taking

9

Kelly's contentions as true at this juncture, i.e. that an EEOC investigator spoke with a Fresh Value manager, who stated that Fourth Avenue in fact had notice of the claim, establishes that the EEOC could have uncovered Fourth Avenue's identity in its investigation.

**IV. CONCLUSION**

In light of the factual disputes at this stage, Fourth Avenue's Motion to Dismiss, doc. 6, is **DENIED.**

**DONE** the 26th day of June, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE